Andrew K. Kim, Esq. (SBN 147015)
LAW OFFICES OF ANDREW KIM, APC
3470 Wilshire Blvd., Suite 885
Los Angeles, Calif. 90010
Telephone: (213)386-4497
andrewkimlawyer@yahoo.com

Attorney for Plaintiff,
DAVID JOSE DONG RYU a.k.a.
DONG RYEL RYU, an individual

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID JOSE DONG RYU a.k.a. DONG RYEL RYU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FASHIONGO KOREA, a business entity form unknown; NAVER, a Korean company, form unknown; NHN, a Korean company, form unknown; FASHIONGO, a U.S. form unknown, doing business as FASHIONGO.NET; BEE 3 STARS CORP., doing business as FASHIONGO.NET; 3 STARS MENTORING dba COMPSOLUTION; HO MOK LEE, an individual; LAMBS, a business entity form unknown; and DOES 1-50 inclusive,<br><br>Defendants. | **Case No.** 2:16-CV-00691<br><br>COMPLAINT FOR DECLARATORY RELIEF<br><br>JURY DEMANDED |

Plaintiff, DAVID JOSE DONG RYU a.k.a. DONG RYEL RYU, an individual, alleges:

## JURISDICTIONAL ALLEGATIONS

1. At all times herein mentioned, plaintiff, DAVID JOSE DONG RYU a.k.a. DONG RYEL RYU, an individual, was and is a resident in the State of California and resides within the jurisdiction of the County of Los Angeles.

2. At all times relevant herein, defendants, FASHIONGO KOREA, a business entity form unknown, NAVER, a Korean company, NHN, form unknown, and NHN, a Korean company, form unknown, have been operating as for profit business entities engaging in international e-commerce related business activities, major part of which involves e-commerce between the nations of Korea and United States. Specifically, defendant, FASHIONGO KOREA, is a South Korea based company with extensive e-commerce presence in Seoul, Korea. A major portion of ownership is held by U.S. residents. Defendant, NAVER, is a Korea based search engine company with extensive e-commerce traffic in the United States. Defendant, NHN, is a NAVER affiliated e-commerce company with significant trade between Korea and United States.

3. At all times herein mentioned, Defendant, FASHIONGO, a business form unknown, is a U.S. based company doing business as FASHIONGO.NET. Its principal place of business is within the Central District of California. Plaintiff is also informed and thereon alleges that, at all times herein mentioned, defendants, BEE 3 STARS CORP. and 3 STARS MENTORING dba COMPSOLUTION are all U.S. corporations which their principal place of business in Central District of California.

COMPLAINT FOR DECLARATORY RELIEF

2

form unknown, with its principal place of business in the Central District of California.

5. Plaintiff is informed and thereon alleges that, at all times herein mentioned, defendant HO MOK LEE, an individual, was and is a resident in the State of California and resides within the jurisdiction of the Central District of California.

6. Plaintiff is ignorant of the true names and capacities of Defendants designated herein as Does 1 to 50 inclusive, but allege that each such similarly designated defendant was and is in some manner responsible for the damages and injuries alleged by plaintiff herein. Plaintiff further alleges that such similarly designated defendants were in some the agents of other defendants herein, in bringing about the damages and injuries alleged by plaintiff. Plaintiff will amend the Complaint when such doe defendants have been identified according to proof at the time of trial.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and/or employer/employee of each of the remaining defendants and in doing the things alleged herein were acting within the scope of such agency and/or employment relationship and with the permission, consent and ratification of each of the co-defendants.

//
//

COMPLAINT FOR DECLARATORY RELIEF

3

## BACKGROUND INFORMATION

8. Sometime prior to May 6, 2004, plaintiff worked with defendant, HO MOK LEE, in order to develop certain website and Windows-based desktop software for the local garment industry. One such software developed by plaintiff was FashionGO where manufacturers connect with wholesale buyers. This program was developed by plaintiff while working with defendant, HO MOK LEE.

9. Prior to the development of the FashionGO, plaintiff was invited by defendant, HO MOK LEE, from Korea to work with him to develop certain Windows-based desktop software for the local garment industry. As plaintiff was totally relying on defendant, HO MOK LEE, in order to keep his lawful status in the United States, plaintiff was forced to keep quiet in the face of frequent harsh work-related abuses hurdled by defendant, HO MOK LEE. Even though plaintiff was repeatedly assured by defendant that plaintiff will be given ownership over the FashionGO once it is developed, defendant, once it is developed, kept postponing the documentation of plaintiff's ownership of FashionGO.

10. Instead, as the business traffic through FashionGO became popular, with orders coming from international buyers, defendant HO MOK LEE began to distance himself from plaintiff and began to create hostile working environment against plaintiff and eventually pushed out plaintiff from the company. He also threatened against plaintiff that he will take away the legal status of plaintiff if plaintiff keep insisting ownership over FashionGO program.

11. While this was happening, defendant, HO MOK LEE, unbeknownst of plaintiff, created separate company named 3 STARS MENTORING, a California corporation dba

COMPLAINT FOR DECLARATORY RELIEF

4

COMPSOLUTION, and falsely claimed that the latter owned the copyright to FashionGO program. Using the name of newly formed company, 3 STARS MENTORING, defendant filed a lawsuit in 2008 against plaintiff for alleged infringement of copyright of FashionGO, i.e., Case No. 2:08-CV-02826-DMG, in United States District Court Central District of California.

12. The above mentioned lawsuit was filed by defendant, HO MOK LEE, after the FashionGO became tremendously profitable in order to prevent plaintiff from claiming ownership over FashionGO program.

13. All the while, during the litigation of above mentioned lawsuit, plaintiff did not have adequate understanding of the court proceeding. In fact, at the time of alleged settlement discussion on the eve of trial itself, plaintiff was without proper interpretation of the content of any terms and conditions of settlement being discussed in a closed room without any interpretation and under tremendous duress and pressure until nearly 9:00 p.m. Plaintiff did execute the handwritten settlement in English without any interpretation of the terms and conditions contained therein with only assurance that he can file a lawsuit again. Plaintiff later learned that the settlement foreclosed him from filing the lawsuit again.

14. In fact, the whole experience was so traumatic to plaintiff that he harbored strong distaste for the American legal system. He also wanted to wait until his legal status in the United States become safe before he file the lawsuit against defendant HO MOK LEE.

15. In January 2015, plaintiff became the United States citizen and he now feels sufficiently safe to directly claim against defendant HO MOK LEE. Prior to Jan. 2015, he feared that his legal status in the United States can be endangered by actions of HO MOK LEE.

COMPLAINT FOR DECLARATORY RELIEF

5

1. 16. Meanwhile, defendant HO MOK LEE and his sons created an outfit named Bee 3 Stars Corp. and FashionGO.net and began to use FashionGO program that was created by plaintiff. Thereafter, defendant HO MOK LEE and his sons sold at least a portion of the ownership interest of FashionGO to defendants NAVER and NHN for the value of over many millions of dollars. Defendants also worked together to start FashionGO Korea with FashionGO program as its web-based marketing tool.

## LEGAL ALLEGATIONS

17. An actual controversy has arisen and now exists between plaintiff and defendants concerning their respective rights and duties in regards to the ownership over FashionGO web-based program.

18. Plaintiff desires a judicial determination of his rights and duties and a declaration as follows:

1) That the prior lawsuit, i.e., 2:08-CV-02826-DMG, and its Settlement Agreement, does not decide the ownership over web-based program named FashionGO.

2) That above mentioned Settlement Agreement, attached hereto as Exhibit, is not controlling in this case for the reasons as follows.

a) plaintiff was without interpretation over the contents of the settlement agreement.

b) plaintiff was under tremendous duress and pressure, having been confined in the room until 9:00 p.m. or so.

c) plaintiff was wrongfully assured that he can always file the claim against defendants therein.

COMPLAINT FOR DECLARATORY RELIEF
6

1    3) that Plaintiff is the rightful owner of the web-based program named FashionGO.

2

3    4) That defendants be ordered to pay plaintiff approximately $10,000,000.00 plus prejudgment
4    interest.

5

6    19. A judicial declaration is necessary and appropriate at this time under the circumstance in
7    order that plaintiff may ascertain his rights and duties as the owner of the program named
8    FashionGO.

9

10    20. Plaintiff demands $10,000,000.00 plus prejudgment interest and other damages occasioned
11    by defendants' wrongful acts in depriving the ownership and enjoyment of the program,
12    FashionGO.

13

14    WHEREFORE, plaintiff prays for judgment against defendants and each of them as follows:
15

16    1. For declaration that plaintiff is the rightful owner of the web-based program named
17    FashionGO.

18

19    //
20    //

## COMPLAINT FOR DECLARATORY RELIEF

7

2. For damages in the sum of $10,000,000.00 plus prejudgment interest.

3. For the Judicial determinations requested in paragraph 18 of the Complaint.

4. For reasonable costs of suit and prejudgment interest incurred pursuant to CCP Sec. 3336.

5. For any other relief as the court may deem just and proper.

Dated: 1/23/2016

LAW OFFICES OF ANDREW KIM, APC

By: _____

ANDREW KIM, Attorney for Plaintiff,
DAVID JOSE DONG RYU a.k.a.
DONG RYEL RYU, an individual,

## JURY DEMANDED

Plaintiff, DAVID JOSE DONG RYU aka DONG RYEL RYU, hereby demand jury trial in this case.

Dated: 1/23/2016

_____
ANDREW KIM, Attorney for Plaintiff

8

COMPLAINT FOR DECLARATORY RELIEF